**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**CHOU XIONG,**
    **Petitioner,**

  **v.**            **Case No. 26-cv-999**

**DALE SCHMIDT, et al.,**
    **Respondents.**

---

**DECISION AND ORDER**

Chou Xiong, *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). I ordered the United States to respond and show cause why the petition should not be granted. For the reasons that follow, the petition is denied.

**I. BACKGROUND**

Petitioner is a Laotian national who was admitted to the United States in 1989. On December 8, 2020, petitioner pled guilty to a federal charge of conspiracy to distribute methamphetamine. *United States v. Xiong, et al.*, No. 3:19-136-jdp, ECF No. 222 (W.D. Wis. Dec. 8, 2020). He was sentenced to 78 months of imprisonment, followed by four years of supervised release. *Id.*, ECF No. 228 (W.D. Wis. Dec. 11, 2020).

Petitioner's criminal conviction constitutes both an "aggravated felony" and a conviction "relating to a controlled substance," rendering him deportable. 8 U.S.C. §§ 1227(a)(2)(A)(iii) & 1227(a)(2)(B)(i). Therefore, ICE commenced a removal action against him following his stint of incarceration. On May 13, 2024, an immigration judge found Xiong removable and entered a final order of removal.

In August 2024, ICE determined that there was "no significant likelihood of removal" in the "reasonably foreseeable future" to Laos because Laotian authorities have historically refused to cooperate with ICE in repatriating Laotian nationals. *See* 8 C.F.R. § 241.13(g). As a result, petitioner was released on bond subject to several conditions, including periodic check-ins at an ICE field office. *Id.* § 241.13(h).

On May 26, 2026, at one of these check-in appointments, ICE served petitioner with a Notice of Revocation of Release and took him into custody. *See* 8 C.F.R. § 241.13(i)(2). This notice stated that "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." *Id.*; Vommaro Decl. ¶ 11, Ex. C. An immigration officer conducted an informal interview with petitioner on the day he was taken into custody. *Id.*, Ex. D. Also on that day, ICE officials submitted a request to Laotian authorities for travel documents allowing petitioner to be removed to Laos. *Id.*, ¶ 13. As of the government's brief, those documents remain pending.

## II. DISCUSSION

Petitioner argues that his detention is unlawful because he was redetained without prior notice or a meaningful opportunity to respond. ECF No. 1 at 6. He also claims that, as a matter of fact, his removal is not reasonably foreseeable. *Id.* at 7. Respondent argues that petitioner's detention was proper under 8 C.F.R. § 241.13(i)(3) and he was afforded due process, including notice of the changed circumstances, an opportunity to respond, and avenues to appeal administratively—remedies that he did not use.

Generally speaking, petitioners in custody must exhaust their claims administratively before filing a habeas petition in federal court. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). That requirement may be overlooked when (1)

requiring administrative exhaustion causes prejudice due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) substantial constitutional questions are raised. *Id.* (citing *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002)).

None of these circumstances apply to petitioner's case. Federal regulations provide that:

> Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 C.F.R. § 241.13(i)(3).

> If the Service has denied an alien's request for release under this section, the alien may submit a request for review of his or her detention under this section, six months after the Service's last denial of release under this section. After applying the procedures in this section, the HQPDU shall consider any additional evidence provided by the alien or available to the Service as well as the evidence in the prior proceedings but the HQPDC shall render a *de novo* decision on the likelihood of removing the alien in the reasonably foreseeable future under the circumstances.

8 C.F.R. § 241.13(j). In short, noncitizens are given an opportunity at an informal interview to rebut the agency's conclusion that removal is likely in the reasonably foreseeable future and request release. If the agency denies that request, the noncitizen may appeal to the Headquarters Post-order Detention Unit ("HQPDU").

3

Petitioner does not contend that he attempted to rebut the agency's finding that his removal is now reasonably foreseeable at his informal interview or that he attempted to appeal the officer's decision. At the interview, petitioner instead wrote: "I have a family, brother, sister. I have my two son[s] still young. They don't know anything. I don't wanna get deportation cause I have job and to support my kid, and my mom. I have no one is Laos. I don't speak their language. I wanna go stay U.S. work hard to get back from my mistake." ECF 1-1 at 2. While compelling, these arguments are not relevant to the question of whether Laotian authorities are now cooperating with ICE and allowing deportations.

Because petitioner has not attempted to rebut the agency's conclusion at the administrative level, I will deny his habeas petition for lack of exhaustion. Separately, I will briefly address petitioner's alternative argument.

First, petitioner argues that he was denied "predeprivation" notice that ICE would detain him at his check-in appointment. The regulation above does not provide for advance notice, but simply notice "upon revocation." 8 C.F.R. § 241.13(i)(3). The Supreme Court has held that due process sometimes requires the government give individuals advance warning of a planned decision before taking action. *See, e.g., Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ("The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement.").

However, advance notice is not always required, particularly in criminal and immigration contexts. *See Holly v. Woolfolk*, 415 F.3d 678, 680 (7th Cir. 2005). To state the obvious, many noncitizens in petitioner's circumstance, especially ones lacking a

meritorious legal argument, would use the advance notice to abscond. The constitution requires a balance between individual rights and the government's legitimate interest in enforcing immigration law. The process petitioner suggests goes far beyond what the constitution provides him. He was owed, and received, notice of the basis of his detention and an opportunity respond.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court will enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2026.


/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

5