# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHOU XIONG,
        Petitioner,

    v.                               **Case No. 26-cv-999**

DALE SCHMIDT, et al.,
        Respondents.

## SUPPLEMENTAL DECISION

On July 7, 2026, I issued a decision denying Chou Xiong's petition for habeas relief. By my calculation, the 10-day deadline for petitioner to file a reply to the government's brief had run without a response. However, I failed to consider the delay caused by sending mail from a jail and give petitioner additional time. Under the "prison mailbox rule," documents filed by an incarcerated person are deemed filed on the date they are placed in the mail. *Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015). This was my mistake, and I apologize. Xiong's reply—dated July 2, 2026—must be treated as timely and, in fairness, I write this decision to respond to his points.

Xiong's reply makes three main arguments as best as I can tell: (1) Laos began cooperating with ICE in 2025, so perhaps the real changed circumstances are a change in political priorities; (2) other courts have held that ICE requesting, but not yet receiving, travel documents is not enough to constitute changed circumstances; and (3) ICE violates its own regulations by not describing the changed circumstances in the Notice of Revocation of Release. Neither of the first two arguments would change my conclusion that petitioner failed to exhaust his administrative remedies. However, the third argument deserves additional consideration because it is not clear from the record that Xiong had

fair notice of the government's position when his informal interview was conducted. Therefore, because Xiong is now aware of the government's position due to this lawsuit, I will vacate my previous judgment and enter a new one ordering ICE to give Xiong a new informal interview.

As to Xiong's first argument, I cannot speculate why ICE waited until 2026 to try and finally remove him. Like any government agency, they have limited resources and cannot deport everyone all at once. They may have concluded that Xiong was a lower priority than other, more dangerous or flight-prone individuals because he was compliant with his conditions of release and consistently appeared at his check-in appointments.

Whether or not ICE's decision to detain and remove Xiong now was the result of some "political order" is ultimately irrelevant. "Under Article II [of the Constitution], the Executive Branch possesses authority to decide how to prioritize and how aggressively to pursue legal actions against defendants who violate the law." *United States v. Texas*, 599 U.S. 670, 678 (2023) (cleaned up). This discretion "extends to the immigration context" because it "implicates not only normal domestic law enforcement priorities but also foreign-policy objectives." *Id.* at 679. It is simply not the role of a judge to get involved in such a complex area reserved to the executive and legislative branches.

The only relevant circumstances are those that make removal likely in the reasonably foreseeable future—political priorities notwithstanding. Here, the government cited to over a dozen cases where courts credited ICE's assertion that Laos is now issuing travel documents for deportees. ECF No. 10 at 8–9. Given this recent pattern of cooperation, it seems reasonably likely that Xiong's documents are forthcoming if not already issued. Moreover, the Laotian embassy hardly had much time to respond

because Xiong commenced this habeas action only nine days after he was detained and ICE requested his documents.

As to Xiong's second argument, I find that requesting travel documents *along with* evidence that those documents are likely to issue soon is enough to show that circumstances have changed. Xiong cites to a case in support of his position. In *Moussa S. v. Bondi*, No. 26-cv-1408, 2026 WL 622680 (D. Minn. Mar. 5, 2026) (Schlitz, C.J.), a district court held that "although *receiving* a travel document is a 'changed circumstance' justifying revocation of release under § 241.13(i)(2), merely *seeking* a travel document—without more—is not."

This statement is correct and does not undermine my earlier decision. The government represented that it isn't merely seeking travel documents, but that it has reason to believe those documents are likely to issue quickly. As evidence, the government submitted a sworn statement by Officer Giuliano Vommaro attesting that Laotian authorities are now "regularly" issuing travel documents after verifying the individual's identity. Vommaro Decl. ¶ 14. The government also cited in its brief many recent federal court decisions where the courts took notice of travel documents being issued by Laos to its nationals for the purpose of deportation. These facts are more than speculation and, without rebuttal, meet the government's burden to show there is now a significant likelihood of removal.

Finally, I address Xiong's third argument. He cites to cases where federal courts have held that ICE violates its own regulations by not describing the circumstances that have changed in the Notice of Revocation of Release document. *See, e.g., Vang v. Warden of Golden State Annex Detention Facility*, No. 26-cv-892, 2026 WL 694111 (C.D.

3

Cal. Mar. 12, 2026). In *Vang*, the court stated: "The undersigned finds respondents violated their own regulation, 8 C.F.R. § 241.13, because there is no indication of a change in circumstances justifying petitioner's re-detention at the time of his revocation of release. . . . When revoking petitioner's release pursuant to § 241.13(i)(2) based on changed circumstances, the petitioner must be told *what* circumstances had changed or *why* there was now a significant likelihood of removal in order to meaningfully respond to the reasons and submit evidence in opposition, as allowed under § 241.13(i)(3)." 2026 WL at **6–7 (emphasis in original) (citation omitted).

I agree with this statement. It is well established that due process requires, at a minimum, an opportunity to respond "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). If ICE did not tell Xiong about the Laotian government's new policy of cooperation and give him a chance to prepare a response before interviewing him, then he was not given due process. The government's declaration does not indicate when Xiong was made aware of the government's specific reason for concluding that circumstances have changed. Therefore, I will order ICE to give Xiong a new informal interview now that he has been informed of the government's position. This limited remedy should satisfy Xiong's right to due process, which is the right to a fair process but not a favorable outcome.

4

For the reasons stated, **IT IS ORDERED** that the final judgment entered July 7, 2026 (ECF No. 13) is hereby **WITHDRAWN**.

**IT IS FURTHER ORDERED** that the United States give petitioner Xiong a new informal interview pursuant to 8 C.F.R. § 241.13(i)(3) within 5 days of this order. The Clerk will enter amended final judgment.

Dated at Milwaukee, Wisconsin, this 9th day of July, 2026.


/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

5